[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON MOTION FOR ORDERS RE: MICHAEL F. DiSCALA'S FAILURE TOCOMPLY WITH PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUESTSFOR PRODUCTION
The plaintiff, CadleRock Joint Venture, L.P. ("CadleRock"), CT Page 10937 has moved for certain orders pursuant to § 231 of the Practice Book due to the alleged failure by the defendant, Michael F. DiScala ("DiScala"), to fully comply, or to comply at all with the plaintiff's First Set of Interrogatories and Request for Production. After review of CadleRock's Motion for Orders dated September 13, 1997, DiScala's Answers and Objections to Plaintiff's First Set of Interrogatories and Production Requests dated September 4, 1997 and DiScala's Objection to Motion for Order dated October 3, 1997, the court finds that DiScala has waived his right to object to the Interrogatories and Productions Requests because his objections were not filed within the time specified in the Practice Book or within the time ordered by this court. The following are ORDERED:
1. DiScala will comply with all orders contained herein within 25 days of the date hereof.
2. DiScala will sign under oath, as required by § 224 of the Practice Book, the Answers to Interrogatories and Production Requests dated September 4, 1997, the Objection to Motion for Order dated October 3, 1997, as said Objection also contains information intended to supplement the Answers dated September 4, 1997, and any Answers made pursuant to this Order.
3. The Answers to the following interrogatories as supplemented on October 3, 1997 are satisfactory: 1, 4, 8, 12, 16, 17, 18, 26, 27, 28, 33, 34, 37, 40, 41, 42, 45, 49, 50, 57, 58, 59.
4. The Answers to the following interrogatories as supplemented on October 3, 1997, are insufficient and if DiScala fails to fully and fairly answer same within the time limits set above, he will be prohibited from introducing any documentary or testimonial evidence with respect to the subject of the interrogatory: 11, 13, 15, 30, 32, 38, 39, 43, 44, 46, 48, 51, 52, 53, 54, 55, 56, 61, 62, 63, 66.
5. The Answers to the following interrogatories are insufficient and evasive: 2, 3, 5, 6, 7, 19-24. As a result of the evasive nature of the answers to the foregoing interrogatories, the following are deemed to have been admitted by DiScala: ¶ 5 of the Second Amended Complaint (the "Complaint") except the amount due; ¶ 7 of the Complaint; that DiScala signed the Guaranty Agreement, a copy of which is attached to the Complaint as Exhibit C and that said Exhibit C is a true and accurate copy of the original Guaranty Agreement; that Maritime Square was in CT Page 10938 default of its real estate tax payment obligations with respect to the 18 Marshall Street, Norwalk property as of February 9, March 1, March 14, March 23, April 8, and June 23, 1994.
6. With respect to Request for Production # 1, DiScala will produce each and every document identified or referred to in any of his existing or subsequent answers to the First Set of Interrogatories.
7. DiScala will produce income tax returns for tax years 1990, 1991, and 1992 and any and all financial statements and/or financial affidavits prepared by or on behalf of DiScala that reflect his financial condition during calendar years 1990, 1991, 1992.
By the court,
Aurigemma, J.